37100.  HUGHES *et al. v.* AL GRIDER, INC.

DECIDED APRIL 15, 1958—REHEARING DENIED MAY 9, 1958.

600

*Cecil D. Franklin,* for plaintiffs in error.
*Marson G. Dunaway, Jr.,* contra.

GARDNER, Presiding Judge. 1. The court did not err in denying the motion of the defendant for a judgment notwithstanding the verdict and did not err in denying the motion for new trial as to the general grounds.

2. Special ground 1 assigns error because it is alleged that the following material evidence was illegally admitted by the court to the jury, over objections of the defendant: "I contacted the motor company by telephone twice, I talked one time to Hughes and one time to Jones. Their reply was that they did have the car there as described but that they would not release it to us or any representative we would send up there for it, even though we could send the title and all necessary ownership papers. The only reason that they gave was that they were also out an automobile and that by holding this one, it was the only protection they had for their loss." Counsel for the defendant objected to the evidence as soon as and at the time it was offered and then filed the following grounds of objection: "I offered objection to the question and answer on the ground that there is no evidence as to which one of these gentlemen the witness was talking to, and such statements as might have been made in a telephone conversation would not be binding upon these defendants until and unless it was shown positively as to the identity of the witness to whom he was talking, and until that has been shown it is clearly a self-serving declaration." The court overruled the objection and admitted the evidence.

There was no cross-examination of the witness. The witness stated that he talked one time to Hughes and one time to Jones. A fair interpretation of this evidence is that the witness knew to whom he talked each time and such knowledge was not denied in any manner whatsoever by anyone. The defendant could have easily brought this to the attention of the jury. Moreover, our construction of the answer is that the defendant admitted the possession of the car in question. Throughout the trial the only questions submitted to the jury for determination were who had the legal title to the car, the value of the car, and whether or not the defendant converted it. This ground is without merit.

3. Special ground 2 assigns error because it is alleged that certain material documentary evidence was illegally admitted by the court to the jury, over objections of the defendant, because each excerpt was alleged to be irrelevant, immaterial, self-serving, constituted hearsay and that there was no proof of the execution of the documents. As to the evidence, we concede but do not decide that the papers were without probative value. There was sufficient evidence otherwise to show that the title to the car in question was in the plaintiff at the time the trover action was instituted. This being true the documents to which objection was made could not have confused the jury or been misleading to the jury for any of the reasons assigned. This special ground is without merit.

4. Special ground 3 assigns error because it is alleged that the court illegally admitted a document, over objections. The objection read as follows: "We object to plaintiff's exhibit No. 5, which purports to be and is entitled a bill of sale from Orlando Auto Auction Company, on the ground that it constitutes a private writing and there is no proof of the execution of the alleged bill of sale." In view of what we have said in division 3 regarding the admissibility of other documents, it follows that the admission of the document to which reference is made in this special ground was not harmful to the defendant. This special ground is not meritorious.

5. Special ground 4 assigns error because the court charged the jury as follows: "In estimating the value of personalty unlawfully detained, the plaintiff may recover the highest amount

which he shall prove between the time of the conversion and the trial, and in this case it would be between the date he received possession of the automobile and today." Under the facts of this case, this was a fair charge and in our opinion stated the law correctly. This ground shows no cause for reversal.

6. Special ground 5 assigns error because it is alleged that the court erred in failing to charge the jury, without a request, that the burden rests on the plaintiff to prove title, possession at the time of conversion or right of immediate possession. Regarding this special ground the court charged, among other principles of law, as follows: "I charge you that the burden is on the plaintiff to establish their right to recover by a preponderance of the evidence. By preponderance of evidence is meant that superior weight of evidence upon the issues involved, which, while not enough to free the mind from a reasonable doubt, it is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other. In determining where the preponderance of evidence lies, you may consider all the facts and circumstances in the case: the witnesses' manner of testifying; their means and opportunity for knowing the facts to which they have testified; the nature of the facts to which they testified, and the probability or improbability of their testimony; their interest or want of interest, and their personal credibility so far as the same may legitimately appear from the trial. You may also consider the number of witnesses, though the preponderance is not necessarily with the greater number." This special ground is not meritorious.

7. Special ground 6 assigns error because it is alleged that the court erred in charging the jury that the defendant could obtain no better title to the car than the person had who sold the car to the defendant. The court did charge substantially that the jury should examine the petition and the answer and that all matters not admitted by the answer must be proved by a preponderance of the evidence. We have examined the petition and the answer and the charge of the court and find that the court charged sufficiently regarding this point, in the following language: "You examine the pleadings and see what these allegations contained in the defendant's answer and in the plaintiff's

petition are, and as I have stated, do not consider the allegations as evidence. You will look to the evidence to determine what the facts are and whether or not the allegations of the petition have been sustained, and whether the evidence, under the rules of law that I will give you in charge, would authorize you in finding a verdict in the plaintiff's favor, or whether the defendants should have a verdict in their favor." This special ground shows no cause for reversal.

8. Special ground 7 assigns error because the court charged regarding the amount the jury should find as being "the amount that you find as the highest proven value of the automobile between the date the defendant received it and the date of the trial." This point has been covered in division 5 of this opinion. This special ground is without merit.

9. Special ground 8 assigns error because it is alleged that the court erred in failing to state the contentions of the defendant correctly and adequately in the following particulars: "The court read to the jury a paragraph of defendants' answer, which reads, in part 'that on August 7, 1956, they in bona fide and in good faith traded a 1954 model Ford truck F-600 for an automobile *as described in plaintiff's petition,* and etc.' The charge continued. 'It is further alleged that the defendant traded the truck for the automobile in good faith without knowledge of any claim there against [it], including the plaintiff corporation.' " It is contended that the paragraph of the answer read to the jury did not contain the full contentions of the defendant, and the statement of the court that the defendant had in his possession "an automobile as described in the plaintiff's petition" with nothing else appearing, would be construed by the jury as constituting one and the same car but that there is a difference in the identity as shown elsewhere in the pleadings not read to the jury by the court. The car in question was fully described in the petition and was referred to time and time again by all parties concerned as the car claimed by the plaintiff and in possession of the defendant. Therefore, such reference by the court to the car as described hereinabove was not erroneous and neither is it erroneous to fail to read other portions of the pleadings. This special ground is not meritorious.

10. Special ground 9 assigns error because the court charged with reference to the preponderance of the evidence that the jury should consider "the number of witnesses though the preponderance is not necessarily with the greater number." Counsel for the defendant contends that this excerpt confused the jury into believing that inasmuch as the evidence on behalf of the defendant did not include a number of witnesses (being submitted mostly by depositions), the jury were impressed that the plaintiff had the most evidence because more witnesses appeared on behalf of the plaintiff. In charging that the preponderance of evidence is not necessarily with the greater number of witnesses, the court charged the correct principle of law. See *Georgia Power Co. v. Burger,* 63 *Ga. App.* 784 (1) (11 S. E. 2d 834) wherein the court said: "In charging to the jury the provisions of the Code, § 38-107, the better practice is to charge the section in its entirety." The court was correct in this charge and this special ground is not meritorious.

The court did not err in any of the rulings.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, Judge, concurring specially. W. C. Davenport, manager for the plaintiff corporation, testified that he purchased from Orlando Auto Auction in August, 1956, a 1955 Ford, Fairlane club sedan, motor number U5AT149202 (which is the same description contained in plaintiff's petition except that instead of "club sedan" the words "two-door automobile" are used) ; that the car was feloniously removed from the lot by a prospective purchaser who drove it out and did not return it; that on information received from the F.B.I. they learned the automobile was later found on the defendant's used car lot. Ather Hughes, a defendant, on cross-examination stated that his firm sold to a Mr. Goggins a 1955 Ford which, on a previous trial of this case, he had testified was a two-door automobile bearing the same motor number sworn to by the plaintiff. A bill of sale from the defendants to Goggins introduced in evidence without objection describes this automobile as a 1955 ·2-door Ford automobile, motor number U5AT149202, the same motor number. These facts are sufficient in the absence of any testimony to the con-

trary to identify the automobile stolen from the plaintiff as being the automobile in the possession of and sold by the defendants. Undisputed proof that the automobile was stolen from the plaintiff plus undisputed proof of identity of the vehicle in the defendant is enough to demand a verdict in favor of the plaintiff for some amount. However, I do not agree with divisions 3 and 4 of the opinion as written because, if such verdict were not demanded, erroneous introduction of documentary evidence showing ownership in the plaintiff would be harmful error.

2. There was evidence that in August, 1956, the automobile was worth $1635; that between August and September it would not vary $15 and between September and the time of trial it would vary a hundred dollars. The verdict for $1265 is accordingly also supported by evidence.