**In re Susan HRITZ, Debtor.**

**Robert B. WILCOX, M.D., P.C., Plaintiff,**

**v.**

**Susan HRITZ, Defendant.**

**Bankruptcy No. A94–71168–SWC.
Adv. No. 94–6811.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 3, 1996.

Penelope W. Rumsey, Rumsey & Rumsey, Atlanta, Georgia, for plaintiff.

Jonathan C. Ginsberg, Galler & Ginsberg, P.C., Atlanta, Georgia, for defendant.

## ORDER

STACEY W. COTTON, Chief Judge.

Before the court is plaintiff's motion for summary judgment. Plaintiff Robert B. Wilcox, M.D., P.C. seeks a determination of the nondischargeability of defendant Susan Hritz's indebtedness to him. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). For the reasons set forth below, the court denies plaintiff's motion.

## FACTS

On June 10, 1991, plaintiff sued defendant alleging breach of contract, loyalty and faithful service and fraud. Defendant retained an attorney and answered the suit on August 1, 1991.

In September 1991, defendant moved from Doraville to Marietta, Georgia, without providing her new address and telephone number to her attorney. Meanwhile, the attorneys agreed to take the parties' depositions. Further, on or about October 30 or 31, 1991, the respective attorneys served their First Requests for Production of Documents and Interrogatories. Defendant's attorney attempted, unsuccessfully, to contact defendant at her last known address to arrange for her deposition, attendance at plaintiff's deposition, and response to plaintiff's discovery requests.

On or about November 25, 1991, defendant's attorney filed a Motion to Withdraw because of his inability to reach her. Notice of Intent to Withdraw was served upon and received by defendant. On January 2, 1992, the state court granted the attorney's Motion to Withdraw. Defendant never responded to plaintiff's discovery requests.

The state court action came on for trial on March 5, 1992. Defendant did not appear. Plaintiff appeared and moved to dismiss defendant's answer and the state court granted the motion. Plaintiff then submitted evidence on the amount of his damages and the state court entered judgment for plaintiff and against defendant in the amount of $99,727.70, plus $9,125 in attorney's fees. Defendant did not appeal this judgment.

On August 15, 1994, defendant filed her Chapter 7 bankruptcy petition. Plaintiff timely filed this adversary proceeding seeking a determination that defendant's indebtedness based on the state court default judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6).

Plaintiff seeks summary judgment of nondischargeability contending that defendant is collaterally estopped from litigating any of the elements of fraud and of willful and malicious injury to plaintiff or his property. He contends that the state court default judgment resolved all elements on these issues in his favor. Defendant filed a response opposing the motion.[1]

## DISCUSSION

 Federal Rule of Civil Procedure 56, made applicable by Bankruptcy Rule 7056, provides for the granting of summary judgment if "... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material if it "... might affect the outcome of the suit under the governing (substantive) law...." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute of fact is genuine "... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party has the burden of establishing the right of summary judgment. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Clark v. Union Mut. Life Ins. Co.,* 692 F.2d 1370, 1372

---

1. The parties have filed a Stipulation of Undisputed Facts. However, plaintiff filed a separate Statement of Undisputed Facts which appears to be duplicative of the stipulations and to which defendant has not responded.

(11th Cir.1982); *United States Steel Corp. v. Darby,* 516 F.2d 961, 963 (5th Cir.1975).

■ In determining whether there is a genuine issue of material fact, the court must view the evidence in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.,* 766 F.2d 482, 484 (11th Cir.1985); *United States v. Oakley,* 744 F.2d 1553, 1555 (11th Cir. 1984). The moving party must identify those evidentiary materials listed in Federal Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *see also* Fed.R.Civ.P. 56(e). Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion must go beyond the pleadings and demonstrate that there is a material issue of fact which precludes summary judgment. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Coats & Clark,* 929 F.2d at 608.

■ Plaintiff contends that the doctrine of collateral estoppel applies and should preclude further litigation of the dischargeability questions under § 523(a)(2)(A) and § 523(a)(6) based on his state court default judgment. Principles of collateral estoppel apply in nondischargeability proceedings. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

According to plaintiff, *Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush ),* 62 F.3d 1319 (11th Cir.1995) is dispositive. The Eleventh Circuit, in *Bush,* concluded that a default judgment for fraud, entered as a sanction for dilatory and abusive conduct, should preclude relitigation of those issues in a subsequent bankruptcy. The court held:

where a party has substantially participated in an action in which he had a full and fair opportunity to defend on the merits, but subsequently chooses not to do so, and even attempts to frustrate the effort to bring the action to judgment, it is not an abuse of discretion for a district court to apply the doctrine of collateral estoppel to prevent further litigation of the issues resolved by the default judgment in the prior action. Bush had ample warning from the prior court and could reasonably have foreseen the conclusive effect of his actions. In such a case, collateral estoppel may apply to bar relitigation of the issues resolved by the default judgment.

*Id.* at 1325.

However, *Bush* involved the application of collateral estoppel to a federal court default judgment in a subsequent dischargeability proceeding. As noted by the court in *Bush,* a default judgment rendered in state court may require a different analysis. *Bush,* 62 F.3d at 1323 (n. 6). In fact, the Eleventh Circuit has held that state collateral estoppel law must be applied to determine the preclusive effect of a prior judgment rendered by a state court. *St. Laurent, II v. Ambrose,* 991 F.2d 672, 676 (11th Cir.1993). Therefore, *Bush* is not controlling although it is instructive in cases involving dilatory and abusive conduct.

■ Under Georgia law, four elements [2] must be present in order for a party to be estopped from relitigating an issue:

(1) There must exist an identity of issues between the first and second actions;

(2) The duplicated issues must have been necessarily litigated and actually decided in the prior court proceeding;

(3) Determination of the issue must have been essential to the prior judgment; and

(4) The party to be estopped must have had a full and fair opportunity to litigate the issue in the course of the earlier proceeding.

*Harry M. League v. Graham, U.S. Postamatic, Inc. and Schwartz (In re Graham ),* 191 B.R. 489, 494 (Bankr.N.D.Ga.1996) (J, Drake).

■ Plaintiff contends that the issues of fraud and willful and malicious injury pursuant to § 523(a)(2)(A) and § 523(a)(6) were necessarily litigated and actually decided as a result of the default judgment entered against defendant. However, neither the

---

2. Georgia's four-part test is very similar to the four-part federal test for collateral estoppel.

state court judgment nor this record provide any indication as to what grounds or issues the state court relied upon in granting the default judgment. As held by the Eleventh Circuit in *St. Laurent, II*, "if the judgment fails to distinguish as to which of two or more independently adequate grounds is the one relied upon, it is impossible to determine with certainty what issues were in fact adjudicated and the judgment has no preclusive effect." *St. Laurent, II*, 991 F.2d at 676. *See, also Miller v. Held (In re Held)*, 734 F.2d 628, 629 (11th Cir.1984) (collateral estoppel did not apply where the jury, based on the state court charge, could have based its decision on either one of two possible grounds) and *In re Standard*, 123 B.R. 444 (Bankr.N.D.Ga.1991) (J, Bihary).

Plaintiff's complaint alleges at least two causes of action: 1) breach of contract, loyalty and faithful service; and 2) fraud. The judgment fails to set forth which of these issues were litigated or relied upon by the state court in granting the judgment. Thus, the issues remain at large and open.

 Plaintiff also contends that the attorneys' fees awarded by the state court is evidence that the default judgment was based on fraud. Specifically, plaintiff, relying on O.C.G.A. § 13–6–11, contends that attorneys' fees are not granted on a breach of contract claim. (Plaintiff's Brief, p. 7). Nonetheless, he maintains "there must be a showing of bad faith in order to support an award of attorneys fees" under this section. *Id.* While attorneys' fees are generally not allowed as a part of damages in a contract action, O.C.G.A. § 13–6–11 permits a jury to grant attorneys' fees when the "plaintiff has specially pleaded and has made a prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." § 13–6–11. The statute on its face provides alternative grounds for the awarding of attorney fees. Once again plaintiff's complaint alleges more than one basis for recovery. The default judgment does not state the issues litigated or basis for the award. For the reasons above, the court concludes that collateral estoppel does not

bar litigation of the dischargeability issues in this adversary proceeding. Accordingly, it is

**ORDERED** that plaintiff's motion for summary judgment is **denied.**

The clerk is directed to serve a copy of this order upon plaintiff's and defendant's counsel.

IT IS SO ORDERED.