In re Frederick E. MOIR, Debtor.

NBA Properties, Inc., Plaintiff,

v.

Frederick Erskine Moir, Defendant.

Bankruptcy No. 01–13689.
Adversary No. 02–01015A.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

March 14, 2003.

---

### *ORDER*

JOHN S. DALIS, Chief Judge.

The Plaintiff, NBA Properties, Inc. (herein "NBAP"), by motion seeks summary judgment on the issue of dischargeability of its claim against debtor's estate. The Defendant, Frederick Erskine Moir (herein "Defendant"), contends that there are genuine issues of material fact which render summary judgment inappropriate. The Plaintiff asserts that the Defendant's debt for a pre-petition judgment for conversion is non-dischargeable under 11 U.S.C. § 523(a)(6). The Defendant contends that no discovery was conducted by the plaintiff in this adversary proceeding, no affidavits were filed by the plaintiff in support of this motion for summary judgment, no depositions, answers to interroga-

tories, admissions, or other evidence have been properly introduced by the plaintiff in this adversary proceeding, and any plea for "judicial notice" is an inappropriate attempt by the plaintiff to bootstrap pleadings, discovery, and other materials from a separate pre-petition lawsuit in a separate and distinct federal district.[1] Furthermore, the Defendant contends that the doctrine of collateral estoppel is inapplicable in this adversary proceeding in that this Court is not bound by a default judgment or default order of another Court in pre-petition litigation. Because no genuine issues of material fact remain to be tried the Plaintiff's Motion for Summary Judgment is ripe for consideration and granted.

The undisputed facts are as follows. On September 18, 1997, NBAP filed a lawsuit in the United States District Court for the Northern District of Georgia (the "District Court Action") against the Defendant alleging fraud and conversion, and seeking punitive damages and attorney's fees against the Defendant based on his actions and those of his company with respect to a contract between the parties. *See NBA Properties, Inc., v. Bhagyawanti & Sons, Inc., and Fred E. Moir*, United States District Court, Northern District of Georgia, Civil Action File No. 97–CV–2775.

On September 21, 1998 NBAP filed a Motion for Partial Summary Judgment in the District Court Action with respect to its claims for conversion, punitive damages and attorney's fees. On August 10, 1999, the District Court granted NBAP's Motion for Partial Summary Judgment against the Defendant.

On February 29, 2000, the District Court entered judgment against the Defendant in the amount of $239,079.75 on NBAP's claim for conversion, $26,715.00 on NBAP's claim for attorney's fees and $50,000.00 on NBAP's claim for punitive damages. The total judgment entered in favor of NBAP and against the Defendant is $315,794.75.

On November 5, 2001, the Defendant filed for Chapter 7 bankruptcy relief in this Court. On February 19, 2002 NBAP filed and served its Complaint Objecting to Discharge of Individual Debt, alleging that, *inter alia*, pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(6), the District Court judgment, which is based on Defendant's conversion of a security deposit, is not discharged.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Fed.R.Civ.P. 56(c); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56 of the Federal Rules of Civil Procedure applies to motions for summary judgment in bankruptcy adversary proceedings. Fed. Rules Bkrtcy. Proc. 7056. The party seeking summary judgment bears the initial burden of demonstrating that no dispute as to any material facts exist. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 156, 90 S.Ct. 1598,1608, 26 L.Ed.2d 142 (1970). "[A] party seeking summary judgment always bears the initial responsibility of informing the...court the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it

---

1. Although the Plaintiff did not produce a certified copy of the District Court Judgment, the Defendant has not challenged the accuracy or authenticity of the judgment filed with this Court.

believes demonstrate the absence of a genuine issue of material fact.'" *Celotex,* 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c)). Once the moving party has properly supported its motion with such evidence, the party opposing the motion "'may not rest upon mere allegations or denials of his pleading, but...must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968) and Fed.R.Civ.P. 56(e)). "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." *Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1502 (11th Cir. 1985) (citations omitted), *cert. denied,* 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986). The Court has jurisdiction to hear this matter as a core bankruptcy proceeding under 28 U.S.C. § 157(b)(2)(I).

■ Bankruptcy affords a debtor the opportunity for a fresh start by discharging the burden of debt. *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991). The Bankruptcy Code limits this fresh start by refusing to discharge certain types of debt under 11 U.S.C. § 523. 11 U.S.C. § 523(a)(6) makes any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" non-dischargeable. An adjudication of conversion made by a state or federal court may have collateral estoppel effect in bankruptcy courts, rendering the debt non-dischargeable. *Id.* at 284–285 & n. 11, 111 S.Ct. 654. Collateral estoppel bars relitigation of issues previously adjudicated. *Bush v. Balf-*

*our Beatty Bahamas, Ltd.* (In re Bush), 62 F.3d 1319, 1322 (11th Cir.1995). Furthermore, a default judgment on a federal or state court may also have collateral estoppel effect in a bankruptcy court. *Id.* at 1324–1325.

■ To determine whether the prior judgment has collateral estoppel effect, I must apply the law of the court issuing the prior judgment. *Bush,* 62 F.3d at 1323 n. 6 (applying federal law to determine whether federal court default judgment had collateral estoppel effect and noting that if prior judgment was rendered in a state court then the law of the state must be applied), *Branton v. Hooks,* 238 B.R. 880 (Bankr.S.D.Ga.1999) (applying Georgia state law to determine preclusive effect of previous state court judgment.) Therefore, I must apply federal law of collateral estoppel to determine if the default judgment precludes discharge of a debt under 11 U.S.C. § 523(a)(6).

■ In order for a party to be estopped from relitigating an issue regarding dischargeability of a debt, a bankruptcy court must find the following four elements present: (a) the issue in the prior action and the issue in the bankruptcy court are identical, (b) the bankruptcy issue was actually litigated in the prior action, (c) the determination of the issue in the prior action was a critical and necessary part of the judgment in that litigation, and (d) the burden of persuasion in the discharge proceeding must not be significantly heavier than the burden of persuasion in the initial action. *See Bush,* 62 F.3d at 1322.

■ The first element requires a comparison of the elements necessary to make a prima facie case for "conversion" in Georgia to the elements required for a § 523(a)(6) exception to discharge as "willful and malicious" conduct. When issues in the bankruptcy proceeding "closely mir-

ror" issues in the prior action, the issues are sufficiently identical for purposes of federal collateral estoppel. *See Bear, Stearns & Co. v. Powell,* 95 B.R. 236, 239 (Bankr.S.D.Fla.1989). Here, the elements of "willfulness and maliciousness" closely mirror the elements of "conversion".

"Willful" and "malicious" are defined in *In re Standard. In re Standard,* 123 B.R. 444 (Bankr.N.D.Ga.1991). "Willful" is defined as intentional and deliberate. "Malicious" is defined as wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will. *Id.* Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a "willful and malicious" injury.

In Georgia, "conversion consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation." *Adler v. Hertling,* 215 Ga.App. 769, 772, 451 S.E.2d 91 (1994). For purposes of bankruptcy law, a wrongful act such as conversion, done intentionally, which necessarily produces harm and is without just cause or excuse may constitute a "willful and malicious" injury. *See Scott v. Hall,* 98 B.R. 777, 781–782 (Bankr. S.D.Ohio) *citing Perkins v. Scharffe,* 817 F.2d 392, 394 (6th Cir.1987) (*quoting* 3 Collier on Bankruptcy ¶ 523.16 (15th ed.1986)), *See also In re Aubrey,* 111 B.R. 268 (9th Cir. BAP 1990)

However, not all judgments for "conversion" are "willful and malicious" as "conversions" can arise from reckless or negligent acts. *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). However, in this case, the District Court awarded the Plaintiff punitive damages. Punitive damages are not compensatory

damages, but are a civil penalty in order to punish and deter a certain kind of conduct. *See Bibb Distributing Co. v. Stewart,* 238 Ga.App. 650, 519 S.E.2d 455 (1999), *see also In re Kinstle,* 172 B.R. 869, 871 (Bankr.N.D.Ohio 1994) (a judgment for conversion enhanced by an award of punitive damages, is sufficient to satisfy the "willful and malicious" requirement of 11 U.S.C. § 523(a)(6).) Thus, a judgment for conversion enhanced by punitive damages establishes a wrongful act, done intentionally, which necessarily produces harm and is without just cause or excuse, a "willful and malicious" act of § 523(a)(6).

Therefore, I find that the issue in the prior action and the issue in the present action are identical for purposes of federal collateral estoppel.

■■■ The second element for federal estoppel is whether the bankruptcy issue was actually litigated in the prior action. If the issue has been effectively raised in the prior action, either in the pleadings or through development of the evidence and argument at trial or on motion, and if the losing party had a fair opportunity procedurally, substantively and evidentially to contest the issue, then the issue has been "actually" litigated. *Bush,* 62 F.3d at 1323. Furthermore, even default judgments can meet those requirements for res judicata. *Id.*

■■■ In *Bush,* as in this case, the debtor actively participated in the prior action, answered the complaint, filed a counterclaim, and filed discovery requests. In *Bush* the defendant stopped participating in the proceedings and refused to appear at his deposition and at the pre-trial conference. The Court concluded that:

"where a party has substantially participated in an action in which he had a full and fair opportunity to defend on the merits, but subsequently chooses not to

do so, and even attempts to frustrate the effort to bring the action to judgment, it is not abuse of discretion for a district court to apply the doctrine of collateral estoppel to prevent further litigation of the issues resolved by the default judgment in the prior action".

This was the same conclusion I reached in *Hooks*. *Hooks*, 238 B.R. at 887. Even though in *Hooks* Georgia collateral estoppel law applied, I compared *Bush's* application of federal collateral estoppel because both consider whether the defendant's conduct affected his opportunity to litigate. In *Hooks* the defendant also actively participated in the litigation but subsequently ceased to do so. In that case, I distinguished Whelan. *Sterling Factors, Inc. v. Whelan*, 236 B.R. 495 (Bankr.N.D.Ga.1999). In *Whelan*, the defendant had acted in good faith and the default judgment was not a sanction (like in *Bush*), but a result of plaintiff's failure to serve notice combined with clerical error. *Id.* at 498–501. The court in *Whelan* held that the defendants did not have a fair opportunity to litigate because the litigants had no control in the event leading to the judgment. *Id.* Here, the defendant actively participated in the District Court Action, answered interrogatories, submitted and answered discovery requests, and even filed his own motion for summary judgment. Defendant "had his day in court." *See In re Betts*, 174 B.R. 636, 644–645 (Bankr. N.D.Ga.1994) (*citing Fierer v. Ashe*, 147 Ga.App. 446, 448, 249 S.E.2d 270 (1978))(entry of a summary judgment or default judgment does not deprive a litigant of his day in court because the opportunity to appear and be heard does not extend to the actual presentation of a case.) Since the defendant had a fair opportunity to litigate and present evidence, the issue was "actually litigated" in the District Court's Action.

The third element is whether the determination of the issue in the prior action was a critical and necessary part of the judgment in that litigation. Partial Summary Judgment was granted against defendant solely on Plaintiff's claims of conversion. *See Judgment as to Defendant Fred E. Moir*, United States District Court, Northern District of Georgia, Civil Action # 1:97–CV–2775–CC order entered on February 19, 2000. Therefore, the determination that defendant had committed conversion was a critical and necessary part of the judgment.

The fourth and last element is whether the burden of persuasion in this adversary proceeding is not significantly heavier than the burden of persuasion in the initial action. This burden of proof is by a preponderance of the evidence. *See Garner*, 498 U.S. at 287, 111 S.Ct. 654. The same for an action for conversion. *See Hughes v. Al Grider, Inc.*, 97 Ga.App. 599, 103 S.E.2d 627 (1958). Therefore, the burden of persuasion in the discharge proceeding is not greater that the burden of persuasion in the initial action.

Having determined that the four elements of federal collateral estoppel have been met, I find that the District Court Action precludes re-litigation of the issue. Therefore, I find that there are no genuine issues of material fact left to be tried on the issue of dischargeability. It is hereby ORDERED that Plaintiff's Summary Judgment Motion is GRANTED, and the entire debt owed by defendant to plaintiff in "... [T]he amount of $239,079.75 plus interests from May 31, 1996, punitive damages in the statutory maximum amount of $250,000.00, and attorney's fees in the amount of $26,715.00." *NBA Properties, Inc., v. Bhagyawanti & Sons, Inc., and Fred E. Moir*, United States District Court, Northern District of Georgia, Civil

Action File No. 97–CV–2775–CC is not discharged in Defendant's bankruptcy case.